UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Helayne Seidman,

               **Plaintiff,**

       v.

Tomato Joe's Pizza, Inc.,

               **Defendant.**

Case No: 8:25-cv-13-MSS-AAS

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court on the motion of Plaintiff Helayne Seidman for entry of a Default Judgment against Defendant Tomato Joe's Pizza, Inc. (Dkt. 13) The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is **GRANTED.**

**I.    FINDINGS OF FACT**[1]

1.    Plaintiff is professional photographer by trade who commercially licenses her photographs. (Dkt. 1 ("Complaint"), ¶ 10; Dkt. 13-1, ¶ 3).

2.    Defendant is a Florida corporation with a principal place of business in

---

[1] The factual background is taken from Plaintiff's Complaint (*Dkt. 1*) and Plaintiff's Motion for Entry of Default Judgment (Dkt. 13), insofar as, when considering a motion for default judgment, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations in favor of the plaintiff. Holland v. Carnival Corp., 50 F.4th 1088, 1093 (11th Cir. 2022).

Tampa, Florida. (Complaint, ¶ 6)

3. Defendant is the registered owner and operator of a Facebook account named "Tomato Joe's Pizzeria" (the "Account") and is responsible for its content. (Complaint, ¶¶ 3, 19-20)

4. The Account is a part of and used to advance Defendant's commercial enterprise. (Complaint, ¶ 21)

5. On November 6, 2021, Plaintiff published a photograph of Leonardo Giordano, the owner of Mona Lisa Pizzeria in Staten Island, New York (the "Photograph"). (Complaint, ¶¶ 2,14; Dkt. 1-1; Dkt. 13-1, ¶ 6)

6. The Photograph was registered by the United States Copyright Office on December 22, 2021, under Registration No. VA 2-280-123. (Complaint, ¶ 17; Dkt. 13-1, ¶ 7; Dkt. 13-2)

7. The Photograph as originally published contained a gutter credit attributing Plaintiff as the author of the work. (Complaint, ¶ 60; Dkt. 13-1, ¶ 8)

8. Such a credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA (17 U.S.C. §1202(c)). (Complaint, ¶ 60)

9. On April 11, 2022, Plaintiff discovered the Photograph on Defendant's Account. (Complaint, ¶ 28; Dkt. 1-2; Dkt. 13-1, ¶ 11)

10. The Photograph was displayed on the Defendant's Account as part of a social media post at URL: https://www.facebook.com/tomatojoes/photos/a.5669 36673341725/4505832996118720/?type=3&from_lookaside=1 (the

"Infringement"). (Complaint, ¶ 25; Dkt. 13-1, ¶ 11)

11. Defendant volitionally selected, copied, and displayed Plaintiff's copyright protected Photograph on the Account. (Complaint, ¶¶ 27,33; Dkt. 13-1, ¶ 15)

12. Defendant did not have a license or other authorization from Plaintiff to copy or display the Photograph on its Account or for any other purpose. (Dkt. 13-1, ¶ 12)

13. Defendant further removed the attendant CMI for the Photograph identifying Plaintiff as the author of same when publicly displaying the Photograph. (Complaint, ¶ 61)

14. Defendant's removal of Plaintiff's CMI was done with actual knowledge that such removal and thereafter distribution of the Photograph would induce, enable, facilitate, and/or conceal an infringement. (Complaint, ¶ 63)

15. Plaintiff, via counsel, contacted Defendant regarding the Infringement on May 2, 2023, and then again on January 31, 2024, to address Plaintiff's claim(s) to no avail. (Complaint, ¶¶ 45-47)

## II.   STANDARDS OF REVIEW

### A.   Default Judgment

Rule 55 of the Federal Rules of Civil Procedure describes a two-step process for entry of default judgment. First, the Clerk of the Court must enter a default where a plaintiff demonstrates that the defendant has failed to plead or otherwise defend the

3

action. Fed. R. Civ. Pro. 55(a). Second, following the entry of default, a district court may enter default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).

A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." Schwabel v. HPT Serv., LLC, No. 3:17-CV-791-J-34JBT, 2018 WL 4782328, at *1 (M.D. Fla. Sept. 6, 2018), report and recommendation adopted, 2018 WL 4775135 (Oct. 3, 2018). Once a default is entered against a defendant, that party is deemed to have admitted the well-pleaded allegations of fact in the complaint. See Ordonez v. Icon Sky Holdings LLC, No. 10-60156-CIV, 2011 WL 3843890, at *1 (S.D. Fla. Aug. 30, 2011) (citing Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)). However, before entering a default judgment, a court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered. Wareka v. Excel Aesthetics LLC, No. 23-CV-24652, 2024 WL 1532267, at *2 (S.D. Fla. Mar. 28, 2024), report and recommendation adopted, 2024 WL 1833085 (Apr. 26, 2024).

### B. Copyright Infringement

To state a claim for direct copyright infringement, a plaintiff must satisfy a simple, two-part test, *to wit,* that: (1) it owns a valid copyright in the infringed work or works; and (2) the defendant copied protected elements from the work or works. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010).

### C. DMCA Violation

To establish a violation of Section 1202(b)(3), a plaintiff must prove: (1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant "distribute[d] ... works [or] copies of works"; (3) while "knowing that copyright management information has been removed or altered without authority of the copyright owner or the law"; and (4) while "knowing or ... having reasonable grounds to know" that such distribution "will induce, enable, facilitate, or conceal an infringement." Victor Elias Photography, LLC v. Ice Portal, Inc., 43 F.4th 1313, 1320 (11th Cir. 2022), cert. denied, 143 S. Ct. 736, 214 L. Ed. 2d 385 (2023).

## III. ANALYSIS AND CONCLUSIONS OF LAW

Upon a review of Plaintiff's submissions, the Court finds that the substantive requirements for entry of default judgment have likewise been met and there is a sufficient basis in the pleading for a default judgment to be entered in favor of Plaintiff.

### A. The Procedural Requirements for Entry of Default Judgment Have Been Established

Defendant was duly served with process via the Secretary of State for the State of Florida and proof of such service was filed with the Court. (Dkt. 9) Based on the date of service, Defendant was required to answer or otherwise appear in this action on or before March 20, 2025, but it failed to do so. As such, on March 25, 2025, Plaintiff requested the Clerk enter a default as against Defendant. (Dkt. 10) The Clerk of Court entered the default on March 26, 2025. (Dkt. 12) Therefore, the procedural requirements have been met for entry of final default judgment.

5

### B. The Substantive Requirements for Entry of Default Judgment Have Likewise Been Established

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for the claims described above. Moreover, the factual allegations in Plaintiff's Complaint have been further supported by sworn declarations and other evidence and establish Defendant's liability. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

#### i. Plaintiff Has a Valid Copyright

Pursuant to 17 U.S.C. § 410(c), in "any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). A plaintiff may satisfy the first prong of the Feist/Latimer test by producing its certificate of registration made before or within five years of the first publication of the work. Latimer, 601 F.3d at 1233.

Here, Plaintiff has presented a valid certificate of copyright registration for the Photograph bearing Copyright Registration No. VA 2-280-123. (Dkt. 13-2) Once the registration certificate has been produced, the burden shifts to the defendant to demonstrate why the claim of copyright is invalid. Latimer, 601 F.3d at 1233. Defendant's default "forecloses any challenge by Defendant" as to Plaintiff's registration/ownership of a valid copyright, and "therefore Plaintiff has satisfied the first element." Aug. Image, LLC v. Auge Internacional Media, LLC, No. 22-22718-CIV, 2022 WL 20834406, at *2 (S.D. Fla. Nov. 16, 2022); see also Prepared Foods

Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 WL 22824893, at *2 (S.D. Fla. Mar. 22, 2022).

### ii. Defendant Infringed Plaintiff's Copyright

The second prong of the Feist/Latimer test has two components, *to wit*: (1) Plaintiff must demonstrate that Defendant copied Plaintiff's work as a factual matter; and (2) Plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. Sternbaum v. Refinery Lab, LLC, No. 22-CV-22002, 2022 WL 16745340, at *2 (S.D. Fla. Nov. 7, 2022).

Annexed to Plaintiff's Complaint is a screengrab of Defendant's Account which features the Photograph (compare Dkt. 1-1 to Dkt. 1-2). Notwithstanding Defendant's default, a juxtaposition of the Photograph with the alleged Infringement shows a nearly identical reproduction of the Photograph. To that end, the documents in evidence "present no factual or subjective issue of 'substantial similarity' and Defendant has engaged in actionable copying. Sternbaum, 2022 WL 16745340, at *2; Prepared Foods Photos, Inc., 2022 WL 22824893, at *3.

### iii. Defendant Removed CMI From the Photograph in Violation of the DMCA

The Photograph as originally published at URL: https://nypost.com/2021/11/06/nycs-iconic-1-pizza-slice-h-by-staggering-inflation/ contained a "gutter credit attributing Plaintiff as the author of the Photograph." (Complaint, ¶ 60; Dkt. 1-3) Plaintiff sufficiently alleges that Defendant

distributed the Infringement without her copyright management information ("CMI"), (Id., ¶ 61), and that Defendant's distribution was done with actual knowledge that Plaintiff's CMI was removed without her permission. (Id., ¶ 62) Plaintiff further alleges that Defendant had reasonable grounds to know that its distribution of the Infringement would induce, enable facilitate or conceal an infringement. (Id., ¶ 63)

In light of Defendant's failure to participate in this matter, Defendant is deemed to have admitted these allegations. Buchanan, 820 F.2d at 359. As such, Plaintiff has pled sufficient facts to establish Defendant's liability for removal of CMI. Affordable Aerial Photography, Inc. v. Elegance Transportation, Inc., No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306182, at *6 (M.D. Fla. Feb. 23, 2022), report and recommendation adopted, 2022 WL 2306516 (Mar. 14, 2022).

Accordingly, as both the procedural and substantive requirements have been established, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C. Plaintiff is Entitled to an Award of Damages

Under 17 U.S.C. § 504, Plaintiff is entitled to recover either the actual damages suffered as a result of the Infringement, plus Defendants' additional profits or, alternatively, statutory damages. Under 17 U.S.C. § 412, registration is a prerequisite to recover statutory damages under sections 504 and 505. Provided that a work was registered prior to the infringement or within the first three months after publication, a copyright owner may choose to recover statutory damages instead of actual

8

damages. 17 U.S.C. §§ 412, 504(c)(1). Additionally, The Digital Millennium Copyright Act—which makes it illegal to "intentionally remove or alter any copyright management information," or to "distribute . . . copies of works . . . knowing that copyright information has been removed or altered without the authority of the copyright owner," 17 U.S.C. § 1202(b)(1), (3)—authorizes actual damages or statutory damages in an amount of not less than $2,500.00 per violation and up to $25,000.00 per violation.

### i. Damages for Copyright Infringement

The Photograph was published on November 6, 2021, with an effective registration date of December 22, 2021. Thus, as the registration date is within three months of first publication, Plaintiff is eligible for and has elected statutory damages with respect to her copyright claim.

The Copyright Act provides for a minimum statutory award in the amount of $750 and a maximum award in the amount of $30,000 unless the infringement is shown to be willful, in which case the Court has discretion to increase a statutory award in an amount up to $150,000 per copyrighted work. 17 U.S.C. §504(c). An award of statutory damages is appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed. PetMed Express, Inc. v. MedPets.Com, Inc., 336 F. Supp. 2d 1213 (S.D. Fla. 2004).

In determining the amount of statutory damages under the Copyright Act, courts look to see if the amount is calculated to serve the purpose of awarding statutory

damages, including compensation for lost profits, punishment of willful conduct, and deterring future infringing activity. See, e.g., Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC, 554 F. Supp. 2d 1303, 1311 (M.D. Fla. 2008); see also Hellerman v. Sloan, No. 23-CV-23548-KMW, 2024 WL 1910425, at *3 (S.D. Fla. Apr. 15, 2024), report and recommendation adopted, 2024 WL 1908806 (Apr. 30, 2024) ("Among factors to consider in determining an award of damages are the: (i) costs saved and profits reaped by infringer; (ii) revenues lost by the copyright holder as a result of the infringement; and (iii) infringer's state of mind, whether willful, knowing, or innocent.").

Federal Courts typically award three to five times the amount of the licensing fee for each infringement. Aug. Image, LLC, 2022 WL 20834406, at *4 ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); Wareka v. Faces by Francesca, LLC, No. 20-CV-62466, 2021 WL 6101375, at *3 (S.D. Fla. Oct. 19, 2021), report and recommendation adopted, 2021 WL 6072810 (Dec. 23, 2021).

A reasonable license fee must be determined according to the fair market value of the copyrighted work and cannot be based on undue speculation. Strober v. Harris, No. 8:20-CV-2663-MSS-JSS, 2021 WL 7629457, at *3 (M.D. Fla. Nov. 23, 2021). Further, the market value of the plaintiff's injury based on a hypothetical-license theory is "the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by [the infringer] of the plaintiff's work." Reiffer v. World Views LLC, No. 6:20-CV-786-RBD-GJK,

2021 WL 1269247, at *4 (M.D. Fla. Mar. 1, 2021), <u>report and recommendation adopted</u>, 2021 WL 1264249 (Apr. 6, 2021). As is set forth in Plaintiff's accompanying submission, Plaintiff is unable to quantify an objective license rate applicable to the Photograph and the Infringement, however, Plaintiff has requested, and the Court awards a baseline fee of $750.00 representing the statutory minimum.

Plaintiff further requests the Court apply a five-times (5x) multiplier to the license fee to account for Defendant's willful Infringement and to serve, *inter alia*, the punitive goals of the Copyright Act and to deter Defendant from future infringements.

The Court finds that an award of $3,750.00 in statutory damages falls within the permissible statutory range under 17 U.S.C. 504(c) and is just.

### ii.   Damages for Removal of CMI

While Plaintiff has established its entitlement to an award of damages for Defendant's violation of the Digital Millenium Copyright Act, Plaintiff's current request stands on the damages requested for her copyright claim and does not request a separate award for such violation.

### D.   Plaintiff is Entitled to an Award of Attorneys' Fees and Costs

The Copyright Act permits the prevailing party to recover its full costs and attorneys' fees. 17 U.S.C. § 505. In this Circuit, a showing of bad faith or frivolity is not a precondition to awarding attorneys' fees. <u>Cable/Home Commc'n Corp. v. Network Prods., Inc.</u>, 902 F.2d 829, 853 (11th Cir. 1990) ("We have adhered to the only two statutory requirements: the fee award should be granted to the prevailing party and the amount should be reasonable."). Courts have frequently awarded full

11

costs and attorneys' fees in order to: "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the courts to protect their works; and (3) penalize the losing party and compensate the prevailing party." See also Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d. 1310, 1315–16 (S.D. Fla. 2003). In copyright cases, "although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." Corson v. Gregory Charles Interiors, LLC, No. 9:19-CV-81445, 2020 WL 6323863, at *3 (S.D. Fla. Aug. 7, 2020); see also Luken v. Int'l Yacht Council, Ltd., 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008) ("a party that seeks to enforce its copyrights and prevails . . . should have its attorney's fees awarded to promote enforcement of the Copyright Act and creativity, respectively.").

The Court finds that an award of attorneys' fees is warranted. First, Plaintiff is the prevailing party in this copyright action. Second, Defendant's infringement was willful, in that Defendant ignored Plaintiff's overtures as to addressing the infringement prior to the commencement of this action. Third, an award of attorneys' fees will function as a deterrent to future infringement and a willful disregard for the judicial process.

Plaintiff filed a Declaration from its attorney, Marian V. Quintero, Esq., in support of her fee request. Plaintiff asserts its attorney and para-professional expended 7.5 hours in the prosecution of this matter. Plaintiff requests an hourly rate of $400.00 for an associate, and $150.00 for its paralegal. Submitted with Plaintiff's attorney's

declaration were the associated billing records for the instant case. The Court finds that Plaintiff's requested rates and billable hours are reasonable as they reflect the market rate for services of a similar nature and quality and are in line with prior fee awards for Plaintiff's counsel from this Court and sister District Courts.

Plaintiff also seeks to recover $482.25 in costs pursuant to 17 U.S.C. § 505. See Wareka, 2024 WL 1532267, at *8. The docket reflects that Plaintiff paid the filing fee. Further, Plaintiff's counsel submitted the invoice from her process server for service fees in the amount of $77.25 with said fee satisfied in full. As such, the Court will award Plaintiff $482.25 in costs.

### E.    Plaintiff is Entitled to an Injunction

Plaintiff requests the Court issue a permanent injunction against Defendant to preclude further infringement. To obtain a permanent injunction, a plaintiff must show: (1) that he suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Clear Skies Nevada, LLC v. Salman, No. 8:15-CV-2710-T-30TGW, 2016 WL 2898665, at *2 (M.D. Fla. May 18, 2016). Injunctions are regularly issued pursuant to the mandate of Section 502 [of the Copyright Act] because the public interest is the interest in upholding copyright protection. Strober, 2021 WL 7629457, at *4.

The balance of factors favors issuing a permanent injunction. The burden an injunction will place on Defendant consists only of the cost of foregoing illegal activity. Plaintiff alleges it has suffered irreparable injury in Defendant's upending of her ability to control the dissemination of her own work. Further, injunctions are regularly issued pursuant to the mandate of Section 502 [of the Copyright Act] because the public interest is the interest in upholding copyright protection. Strober, 2021 WL 7629457, at *4; see also Dish Network L.L.C. v. Fraifer, No. 8:16-CV-2549-TPB CPT, 2021 WL 6690278, at *16 (M.D. Fla. Dec. 13, 2021).

In light of Defendant's failure to participate in these proceedings, the Court agrees with Plaintiff that injunctive relief is warranted as, in the absence of same, there is nothing to deter Defendant from continuing to engage in the same or continuing conduct.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUGED** that Plaintiff's Motion is **GRANTED** against Defendant Tomato Joe's Pizza, Inc. Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Tampa, Florida this 15th day of October 2025.

Copies provided to:

Counsel of Record

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE